IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TOBIAS OVONUEL GOODBEAR,

Defendant.

Case No. 25-CR-176-JFH

## OPINION AND ORDER

Before the Court is the United States of America's (the "Government's") Notice and Motion to Introduce Evidence under Federal Rule of Evidence 609 ("Government's Motion"). Dkt. No. 23. Defendant Tobias Ovonuel Goodbear ("Defendant") did not respond to the Government's Motion. For the reasons below, the Government's Motion is GRANTED.

## BACKGROUND

On September 10, 2025, a federal grand jury indicted Defendant for assaulting C.J., an intimate and dating partner, by strangling and attempting to strangle in violation of 18 U.S.C. §§ 113(a)(8), 1151, and 1153. Dkt. No. 3. On September 29, 2025, the Government filed the current Motion to admit five of Defendant's prior felony convictions under Federal Rule of Evidence 609. Dkt. No. 23. Those convictions are:

- Carrying or Possessing a Firearm by a Convicted Felon (sentenced to 6 years in 2021);

1

- Felony Endangering Others While Eluding Police officer (sentenced to 5 years with 4 years and 285 days suspended in 2020 and then sentenced to 4 years and 285 days in 2021);

- Felony Unauthorized Use of a Vehicle from 2020 (sentenced to 2 years with 1 year and 285 days suspended and then sentenced to 1 year and 285 days in 2021);

- Felony Unauthorized Use of a Vehicle from 2021 (sentenced to 4 years); and

- Felony Conviction for Possession of Controlled Substance (sentenced to 10 years in 2017).

Dkt. No. 23 at 1-2. The Government also seeks to admit these convictions under Rules 404(a) and 405(a) "to rebut any character evidence offered by Defendant . . . to impeach Defendant, or to otherwise rebut defense theories advanced at trial." *Id.* at 1.

## DISCUSSION

**I. Defendant's prior convictions are admissible for impeachment under Rule 609.**

Should Defendant testify, the Government seeks to impeach him with five prior felony convictions under Rule 609, which allows for the admission of a witness's prior criminal convictions to attack his character for truthfulness. Fed. R. Evid. 609(a). Under this Rule, if Defendant testifies, then any of his prior felony convictions within the last ten years "must be admitted . . . if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). In the context of Rule 609, the Tenth Circuit has identified five factors that courts should consider when deciding whether to exclude evidence of a defendant's prior convictions: (1) the impeachment value of the defendant's prior offenses; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past offenses and charged crimes; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial. *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014). For the following reasons, these factors weigh in favor of admission.

### A. Application of the *Smalls* Factors

#### 1. *Impeachment Value*

When evaluating the impeachment value of Defendant's prior crimes, "a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021). Indeed, "[p]rior convictions that require[ ] proof of dishonesty for conviction are more probative of a witnesses' credibility than other crimes." *United States v. Gigena*, No. 24-CR-228-TS, 2025 WL 1071040, at *2 (D. Utah Apr. 9, 2025). However, Defendant's previous felony convictions are for (1) possession of a controlled substance, (2)-(3) unauthorized uses of a vehicle, (4) endangering others while eluding police, and (5) carrying or possessing a firearm as a convicted felon. Dkt. No. 23 at 1-2. None of these crimes require deceit or dishonesty under Oklahoma law. *See* Okla. Unif. Jury Instr. CR 5-116, CR 6-6, CR 6-30, CR 6-39. Further, multiple courts within the Tenth Circuit agree that such convictions generally have minimal probative value of a defendant's character for truthfulness.[1] For these reasons, this factor weighs against admission.

---

[1] *See, e.g.*, *United States v. Thomas*, No. 23-CR-041, 2023 WL 4585919, at *3 (N.D. Okla. July 18, 2023); *United States v. Austin*, 641 F. Supp. 3d 1193, 1205 (D. Utah 2022); *United States v. Phillips*, 487 F. Supp. 3d 1126, 1131 (D.N.M. 2020) (all holding that drug possession and trafficking convictions have low probative value for truthfulness); *United States v. Cordell*, No. 24-CR-083, 2024 WL 4564170, at *4 (E.D. Okla. Oct. 24, 2024); *United States v. Walker*, No. 23-CR-311, 2024 WL 182285, at *6 (N.D. Okla. Jan. 17, 2024) (both holding that convictions for unauthorized use of a vehicle have minimal probative value of a defendant's character for truthfulness); *United States v. Cole*, No. 24-CR-080, 2025 WL 1827665, at *2 (E.D. Okla. July 2, 2025); *United States v. Perry*, No. 24-CR-158, 2024 WL 4993384, at *3 (E.D. Okla. Dec. 5, 2024) (both holding that convictions for endangering others while eluding police were irrelevant under Rule 609); *United States v. Hutchins*, No. 24-CR-011, 2024 WL 1092531, at *3 (E.D. Okla. Mar. 13, 2024); *United States v. Barker*, No. 21-CR-175-JFH, 2023 WL 2663241, at *4 (E.D. Okla. Mar. 28, 2023) (both holding that prior convictions for felon in possession of a firearm have little probative value for a defendant-witness' truthfulness)

### 2. *Temporal Proximity*

The second factor considers the duration of time between Defendant's prior convictions and the current case. Importantly, "a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *2 (N.D. Okla. June 4, 2021) (quoting *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014)). In contrast, "the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id.*

In this case, Defendant was indicted on September 10, 2025. Dkt. No. 3. The oldest conviction the Government seeks to admit is his 2017 felony conviction for possession of controlled substances. Dkt. No. 23 at 2. After that conviction, Defendant acquired four more felonies, where he was sentenced for up to six years of imprisonment. *Id.* at 1. So, not only did he acquire four additional felonies after his 2017 conviction, but he was also in custody for a large portion of the intervening time between those convictions and the current case. Therefore, "the apparent length of time that lapsed is less indicative of [D]efendant's rehabilitated character." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *2. Accordingly, this factor weighs in favor of admitting all five of these convictions for impeachment.

### 3. *Similarity to Charged Crime*

The third *Smalls* factor, which compares the similarity of the current charged crime to Defendant's prior convictions, "weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *Caldwell*, 760 F.3d at 288). Indeed, "[t]he greater the similarity of the charged crime to the past crime, the

4

higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id.*

That danger is minimal here. Defendant is being charged for strangling or attempting to strangle his intimate/dating partner. But unlike strangulation, none of his prior convictions require the use of force or violence against another. *See* Okla. Unif. Jury Instr. CR 5-116, CR 6-6, CR 6-30, CR 6-39. Even Defendant's conviction for endangering others while eluding police "is more akin to a traffic violation, i.e., a 'victimless crime' or 'crime against the public at large,'" where the State of Oklahoma need not allege or prove that a bystander was actually endangered. *United States v. Hudgins*, No. 24-CR-203, 2025 WL 845893, at *2 (E.D. Okla. Mar. 18, 2025). Consequently, these convictions are not similar enough to create prejudicial inferences as to Defendant's propensity for violence. Accordingly, this factor weighs in favor of admission for impeachment purposes.

### 4. *Importance of Defendant's Testimony*

When considering the fourth factor, "the Court must determine whether the apprehension of potential impeachment by prior convictions will cause defendant to abstain from testifying, thus damaging his right to a full defense." *Ahaisse*, No. 2020-CR-106, 2021 WL 2290574, at *3 (citing *United States v. Cueto*, 506 F. Supp. 9, 14 (W.D. Okla. 1979)). "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction." *Id.*

This factor weighs in favor of admission as well. Due to the intimate nature of Defendant and the victim's relationship, and the potential lack of witnesses who viewed Defendant's alleged acts, Defendant's testimony may be important to establish one or multiple defenses. But, unlike his current charge, his prior convictions do not involve the use of force or violence against another person. Furthermore, his past convictions, though numerous, are not so heinous that a juror would

5

improperly characterize him as a violent person. Accordingly, the likelihood that Defendant's testimony will be chilled by allowing the Government to impeach him with his prior convictions is low.

### 5. *Centrality of Credibility*

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–e.g., if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id.* (citing *Caldwell*, 760 F.3d at 288).

While evidence in this case is likely to include medical reports, photographs, and other physical evidence, a significant portion of this case will likely rely on witness testimony from the victim and Defendant. For this reason, the Court finds that Defendant's credibility will be central at trial. This factor weighs in favor of admitting Defendant's prior convictions for purposes of impeachment. *See United States v. Creek*, No. 24-CR-259, 2025 WL 2427696, at *8 (N.D. Okla. Aug. 22, 2025) (holding that Defendant's credibility would be central at trial for case involving assault of an intimate/dating partner by strangling).

### B. Rule 609(a)(1)(B) Balancing

Following a review of the *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-CR-0106, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)). After reviewing these factors, the probative value of Defendant's prior convictions for possession of a controlled

substance, unauthorized uses of a vehicle, endangering others while eluding police, and carrying or possessing a firearm as a convicted felon outweigh any potential prejudicial effect. True, their impeachment value weighs against admission for these prior convictions. However, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." *Id.* at *2 (citing *United States v. Verner*, No. 15-CR-0039, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), *aff'd*, 659 F. App'x 461 (10th Cir. 2016)). Because all other factors weigh in favor of admissibility, Defendant's five prior convictions are admissible for impeachment purposes under Rule 609(a). Such admission will be limited to "a showing of the essential facts of convictions, the nature of the crimes, and the punishment." *United States v. Commanche*, 577 F.3d 1261, 1270 (10th Cir. 2009).

**II. Defendant's prior convictions are admissible under Rules 404(a) and 405(a).**

The Government also seeks to admit Defendant's prior convictions under Federal Rules of Evidence 404(a) and 405. Rule 404(a) generally prohibits a party from offering evidence of a person's character or character trait to prove that the person acted in accordance with the character or trait. Fed. R. Evid. 404(a)(1). However, Rule 404(a)(2) provides several exceptions in criminal cases. For example, "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). Additionally, "subject to the limitations in Rule 412, a defendant may offer evidence of an alleged victim's pertinent trait, and if the evidence is admitted, the prosecutor may: (i) offer evidence to rebut it; and (ii) offer evidence of the defendant's same trait." Fed. R. Evid. 404(a)(2)(B). And as always, "[e]vidence of a witness's character may be admitted under Rule 607, 609, and 609." Fed. R. Evid. 404(a)(3). Finally, if evidence of Defendant's character or character trait is admissible,

the Government may prove it through reputation testimony, opinion testimony, or through an inquiry into relevant specific instances of Defendant's conduct on cross-examination. Fed. R. Evid. 405(a).

Here, the Court has determined that his prior convictions are admissible under Rule 609, and thus, Rule 404(a)(3) as well. Accordingly, the Government's Motion is granted for purposes of admitting Defendant's prior convictions under Rule 404(a)(3) and Rule 609, and it may present such evidence as provided in Rule 405(a). However, Defendant has not sought to offer character evidence under Rule 404(a)(2) for the Government to rebut. Should he do so, the Court will revisit the Government's Motion and determine whether it may present evidence of his prior convictions under Rule 404(a)(2) as well. If the Government seeks to present evidence of his prior convictions based on any Federal Rule of Evidence not discussed in this Order, then it must seek additional permission from the Court.

## CONCLUSION

IT IS THEREFORE ORDERED, the Government's Notice and Motion to Introduce Evidence under Federal Rule of Evidence 609 [Dkt. 23] is GRANTED. This ruling is preliminary and subject to change as the trial unfolds. *Commanche*, 577 F.3d at 1270.

Dated this 7th day of October, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE